IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, Third Floor Baltimore, MD 21201 | ) ) ) ) ) | Civil Action No. 1:15-cv- 02942 |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | JURY TRIAL DEMAND |
| PRINCE GEORGE'S COUNTY, MARYLAND, 1901 McCormick Drive Largo, MD 20774 | ) ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and to collect back wages due to employees as a result of such unlawful payments. The United States Equal Employment Opportunity Commission ("the EEOC" or the "Commission") alleges that Defendant Prince George's County ("Defendant") discriminated against Charging Party Joanna M. Smith, an Engineer III employed in Defendant's Stormwater Management Division of its Department of Environment in Largo, Maryland, by engaging in unlawful compensation discrimination by paying her lower wages than those paid to her male counterparts for performing equal work.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Sections 16(c) and 17 of the

Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Greenbelt Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of, inter alia, the Equal Pay Act, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705.

4.       At all relevant times, Defendant Prince George's County has continuously been a County in the State of Maryland.

5.      At all relevant times, Defendant Prince George's County has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6.      At all relevant times, Defendant Prince George's County has continuously been a public agency within the meaning of Sections 3(x) of the FLSA, 29 U.S.C. § 203(x).

7.      At all relevant times, Defendant Prince George's County has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s),

in that said enterprise has continuously been an enterprise that has employees engaged in an activity of a public agency.

## STATEMENT OF EQUAL PAY ACT CLAIMS

9.     Since at least March 12, 2012, Defendant Prince George's County has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying its female employee Joanna M. Smith lower wages than those paid to her male colleagues for performing equal work.

a.     On March 12, 2012, Defendant Prince George's County hired Smith as an Engineer III in the Stormwater Management Division of its Department of Environment in Largo, Maryland.

b.     The job duties of an Engineer III include developing, designing, constructing, maintaining, and operating storm water management and flood control projects.

c.     The minimum qualifications for an Engineer III include a Bachelor's degree in the engineering field and a minimum of at least two years of engineering experience; or any equivalent combination of at least six years of relevant education and experience.

d.     Defendant Prince George's County classifies the Engineer III position as a G28 position.

e.     The salary range for a G28 position is $60,706 - $118,108.

f.     At the time of her hire, Smith had a Bachelor's degree in civil engineering and had at least five years of engineering experience.

g.     Although Charging Party requested an initial salary of $88,000, Defendant Prince George's County only offered her $60,706 (the entry-level salary for the G28 position).

h.      Defendant Prince George's County told Smith that she could not negotiate her salary.

i.      Charging Party ultimately accepted the original offer of $60,706.

j.      On March 26, 2012, Defendant Prince George's County hired Jignesh Sheth (male) as an Engineer III in the Stormwater Management Division.

k.      Smith and Sheth performed and continue to perform the same core duties.

l.      At the time of his hire, Sheth requested a salary of $70,000.  Defendant Prince George's County hired Sheth at initial salary of $70,000.

m.      On April 8, 2012, Defendant Prince George's County promoted Gadisa Yami (male) from Engineer II to Engineer III in the Stormwater Management Division.  At the time of his promotion, he was earning an annual salary of $55,936, yet Defendant gave him a salary of $61,259, above the entry level for GS28 positions.

n.      Smith and Yami performed and continue to perform the same core duties.

o.      On July 15, 2013, Defendant Prince George's County hired Mithilesh Patel (male) as an Engineer I in the Stormwater Management Division at an initial salary of $60,000.

p.      Engineer I's perform the same core duties as Engineer IIIs; however, Engineer IIIs are assigned more complex projects due to their experience.

q.      Defendant Prince George's County classifies an Engineer I position as a G23 position.

r.      The salary range for a G23 classification $47,565- $96,541.

s.      At the time of his hire, Patel had three years of engineering experience and lacked a professional engineering license.

t.      Although Patel's previous salary was $50,400, he requested and received a salary of $60,000 from Defendant Prince George's County.

u.      Defendant Prince George's County increased Patel's salary to $64,298 and $70,728 on July 13, 2014 and July 15, 2014 respectively.

v.      Since at least July 13, 2014, Smith has received a salary lower than that of Patel.

10.     As a result of the acts complained of above, Defendant Prince George's County unlawfully has withheld the payment of wages and is continuing to withhold the payment of wages due to Joanna M. Smith.

11.     The unlawful practices complained of in paragraph 9 above were willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Prince George's County, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from discriminating against females with respect to their compensation and from paying female employees lower compensation than their male comparators for performing equal work.

B.      Order Defendant Prince George's County to institute and carry out policies, practices and programs that provide equal employment opportunities for women and eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendant Prince George's County to make whole Joanna M. Smith by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and an equal sum as liquidated damages, as a result of the acts complained of above.

D.       Grant such further relief as this Court deems necessary and proper in the public interest.

E.       Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov

U.S. EEOC
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201