IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) PRINCE GEORGE'S COUNTY, MARYLAND, ) ) Defendant. ) ) | Civil Action No: 1:15-cv- 02942 |

CONSENT DECREE

This action was instituted by Plaintiff Equal Employment Opportunity Commission (the "EEOC" or the "Commission") against Defendant Prince George's County, Maryland ("Defendant"). The EEOC alleges that Defendant violated Sections 6(d)(1) and 15(a)(2) of the Equal Pay Act ("EPA") of 1963, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) by paying Joanna M. Smith lower wages than those paid to her male counterparts for performing equal work. The EEOC sought equitable relief, including an injunction, back pay and liquidated damages for Smith, and the institution of practices and programs that eradicate the effects of past and present unlawful employment practices. Following discovery, both parties moved for summary judgment on issues of liability. On March 17, 2017, the Court held a hearing on the pending motions and on the record found that Defendant paid Smith lower wages than those paid to her male comparators who performed equal work, in violation of the EPA. On March 21, 2017, the Court confirmed its March 17, 2017 ruling in an Order granting EEOC's Motion for Summary Judgment on all issues of liability and denying Defendant's Cross-Motion for Summary Judgment. (ECF No. 39.)

The parties desire to resolve the Commission's action without the time and expense of continued litigation, and to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the EPA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the EPA. Therefore, upon due consideration of the record, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims alleged in the Complaint filed by the Commission in this EPA action, which emanate from the Charge of Discrimination filed by Joanna Smith. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree. If Defendant has failed to meet the established terms at the end of three years, the duration of the Decree may be extended.

### Relief to Joanna M. Smith

3. Within thirty calendar days of entry of this Decree, Defendant shall pay Joanna M. Smith monetary relief in the total amount of $139,633.56 representing $69,816.78 in back pay and $69,816.78 in liquidated damages. Defendant shall administer proper withholdings from the back pay portion for taxes and required employee contributions for FICA, including Medicare, and for her pension

contributions. The checks for back pay and liquidated damages will be sent directly to the Office of Law for Ms. Joanna Smith to pick-up in person, and a photocopy of the check and related correspondence will be mailed to the EEOC, Baltimore Field Office, 10 S. Howard Street, 3rd Floor, Baltimore, Maryland 21201 (Attention: Supervisory Trial Attorney Maria Salacuse). Defendant will issue to Smith a 2017 W-2 form for the back pay paid to her. Defendant will issue to Smith a 2017 Form 1099 for the liquidated damages paid to her.

4. On May 12, 2017, Defendant increased Smith's annual salary from $82,294 to $107,017.

### Injunctive Relief

5. Defendant, its officers, agents, employees and all persons acting or claiming to act on its behalf and interest hereby are enjoined from discriminating on the basis of sex with respect to wages for the duration of the Decree. Such sex-based discrimination violates the Equal Pay Act:

> No employer . . . shall discriminate, within any establishment in which such employees are employed between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which [the employer] pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

29 U.S.C. § 206(d)(1).

### Consultant

6. Within sixty days from the date this Decree is signed, the Defendant shall hire a Consultant to conduct training for Defendant's Position Review Board members and all managers and supervisors within Defendant's Department of Environment ("the Department") on Federal Anti-Discrimination Laws and to conduct a comprehensive study of the hiring and compensation policies and

3

procedures and make recommendations to improve such policies and procedures to ensure that they comply with the EPA. The hiring of the Consultant shall be subject to the approval of Defendant and the EEOC. The Consultant shall have prior experience and training concerning pay equity matters in general and the EPA specifically. The Consultant shall ensure that the Department's compensation policies and procedures set forth in writing specific factors to be used in the setting of salaries upon hire and promotion and that the record retention policies for the selection packages for all new hires be increased to a four year period. The Consultant will likewise ensure that the Department's salary determinations are sufficiently documented, supported by the record, and not based on gender. The Consultant shall also ensure that all individuals charged with setting salaries and reviewing salary adjustment requests are properly trained on the EPA. The Consultant's study and recommendation shall be concluded within ninety days from the date said Consultant is hired by Defendant and shall be forwarded to the EEOC's Baltimore Field Office upon completion.

## Notice and Postings

7.   Defendant is currently displaying the posters required to be displayed in the workplace in accordance with Commission Regulations, 29 C.F.R. § 1601.30 and Defendant will continue to display these posters in the workplace in the Department from the date of this Decree for the duration of the Consent Decree.

8.   Within fifteen business days of entry of this Decree, Defendant will also post in all places where notices are customarily posted in the Department the Notice attached as Exhibit A. The Notice shall be posted and maintained for the duration of the Decree and shall be signed by the Department Director with the date of actual posting shown. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Notice are posted in the same

4

manner as specified above. Within its first semi-annual report, Defendant shall provide to the EEOC a copy of the signed Notice, written confirmation that the Notice has been posted, and a description of the location and date of the posting.

### Monitoring Provisions

9. On a semi-annual basis, Defendant will submit to the Commission a list of all of its employees within Defendant's Department who have complained of or reported any alleged sex-based wage discrimination during the duration of this Decree. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no complaints of alleged wage discrimination were made, Defendant will confirm in writing to the EEOC that no such complaints were made.

10. In addition to the monitoring provisions set forth in this Decree, an EEOC attorney of record or other member of EEOC's Legal Department may monitor compliance during the duration of this Decree by reasonably requesting in writing copies of wage records for employees employed within the DOE. Upon fifteen business days' written notice by the EEOC, Defendant will make available for inspection and copying such records.

11. All materials required by this Decree to be provided to the EEOC shall be sent by e-mail to Maria Salacuse, EEOC Supervisory Trial Attorney, at maria.salacuse@eeoc.gov.

12. Within thirty calendar days of this Decree, Defendant shall pay the Commission $5,769.90 in costs.

5

13.     The parties and the undersigned counsel of record in the above-captioned action hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

*[signature]*
Nicholas A. Majett
Chief Administrative Officer
Office of the County Executive
Fifth Floor, County Administration Building
14741 Governor Oden Bowie Drive
Upper Marlboro, Maryland 20772

*[signature]*
Tonia Y. Belton-Gofreed (Bar No. 16176)
Office of Law for
PRINCE GEORGE'S COUNTY, MD
14741 Governor Oden Bowie Dr., Suite 5121
Upper Marlboro, MD 20772
Phone: (301) 952-3941
Fax: (301) 952-3071
E-mail: tbgofreed@co.pg.md.us
*Approved as to Legal Sufficiency and Form*

FOR PLAINTIFF:

*[signature]*
Debra M. Lawrence
Regional Attorney

*[signature]*
Maria Salacuse (Bar No. 15562)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2733 (phone)
Fax: (410) 209-2221 (fax)
E-mail: maria.salacuse@eeoc.gov

**SO ORDERED.**

Signed and entered this 1st day of June, 2017.

*[signature]*
Roger W. Titus
United States District Judge

6

Exhibit A



# NOTICE TO PRINCE GEORGE'S COUNTY EMPLOYEES

This Notice is being posted as part of the resolution of a lawsuit filed by the Equal Employment Opportunity Commission (EEOC) against Prince George's County in the United States District Court for the District of Maryland, Greenbelt Division (*EEOC v. Prince George's County, Maryland,* Civil Action No. 1:15-cv-02942-RWT). The EEOC brought this action to enforce provisions of the Equal Pay Act (EPA), which prohibit pay discrimination on the basis of sex.

**Prince George's County WILL conduct its hiring and employment practices without regard to the gender of an applicant or employee and ensure that all employees are compensated equally for performing equal work.**

**Prince George's County WILL take all complaints of discrimination in the workplace seriously and address them appropriately.**

**Prince George's County WILL NOT engage in any acts or practices made unlawful under the EPA, including retaliation against one who exercises his or her rights under the EPA.**

Employees or job applicants should feel free to report instances of discriminatory treatment to a supervisor or a manager at (301) 883-5012 at any time. Prince George's County has established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination.

Individuals are also free to make complaints of employment discrimination directly to the Baltimore Field Office, 10 South Howard Street, 3rd Floor, Baltimore, Maryland 21201 or by calling 866-408-8075 / TTY 800-669-6820. General information may also be obtained on the Internet at www.eeoc.gov.

_____
Adam Ortiz, Director
Department of Environment

Date Posted: